## Lucetta H. Colvin *v.* W. W. Vensel, Appellant.

*Contributory negligence—Horse racing.*

In an action to recover damages for injury to a horse, it appeared that the plaintiff's driver was racing her horse with another horse on a race track, and that the defendant uninvited joined in the race and attempted to drive between the other horses. He found that the space was insufficient, and being unable to control his horse he called to the plaintiff's driver to make room for him. *Held,* that in the absence of testimony which would warrant the jury in finding that the plaintiff's driver heard the call or knew that the defendant's horse was beyond control, it was not error to instruct the jury that the defense of contributory negligence was not made out.

Argued Oct. 26, 1899. Appeal, No. 98, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1896, No. 225, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Trespass for injury to plaintiff's horse.

The circumstances relating to the accident are fully stated in the opinion of the Supreme Court.

The court, STOWE, P. J., charged in part as follows:

[There was some suggestion on the part of the defendant as to the want of care, or what is called the concurring negligence, on the part of the plaintiff. There is nothing in this case to justify the jury in finding that the plaintiff's driver was guilty of any negligence whatever. It is true, the evidence shows the defendant hallooed to the colored man to get out of the road, and there was some evidence to indicate that if the evidence showed the plaintiff's driver had heard what it is alleged was called out to him, it should have induced him to try to make room. We have the driver's own evidence that he did not hear it; he denies it, and there is nothing to indicate with any degree of certainty that he could have heard it, in fact the evidence we think is very clear he did not hear it. The evidence on that subject indicates that he had no notice that this party intended to pass him as he did, pass between him and the other

vehicle. So, that, so far as his negligence is concerned, there is nothing to justify the jury in finding a verdict for defendant.] [1]

[If the evidence showed that the plaintiff's driver was guilty of negligence, if when the defendant was attempting to pass where there was room the colored driver, suddenly and without anything to indicate the probability of his doing that, got into his road and brought about the collision, the plaintiff could not recover. But there is nothing of that kind in this case.] [2]

Verdict and judgment for plaintiff for $1,315. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*C. C. Brock,* with him *Franklin P. Iams* and *J. S. Ferguson,* for appellant, cited Ryan v. Ardis, 190 Pa. 66, Merriman v. Phillipsburg Borough, 158 Pa. 78, and Easton v. Neff, 102 Pa. 474.

*James S. Young,* with him *S. U. Trent,* for appellee, cited Davidson v. Ry. Co., 171 Pa. 522.

OPINION BY MR. JUSTICE FELL, December 30, 1899:

The only question to be considered is whether the court erred in stating in the charge that there was no evidence to justify the jury in finding that the plaintiff's driver had been negligent. As to the main facts there was no dispute. The plaintiff sent her horse in charge of her driver to Schenley Park track for the purpose of racing with a horse driven by Mr. McFadden. When the horses were half around the track the defendant, uninvited, joined in the race. He entered the track from one side and came up to the others from behind. As they entered the homestretch the defendant, whose horse was gaining, attempted to pass between McFadden's horse, which had the pole, and the plaintiff's horse, which was about five feet behind, and at most not more than eight or ten feet to the right. His vehicle struck that of the plaintiff, throwing the driver out and seriously injuring the horse.

The question of the defendant's negligence was very care-

fully submitted.    That of the plaintiff's driver was raised by the testimony of the defendant to the effect that when he first attempted to pass between the other horses there was room for him to do so, but that the space was intentionally closed by the plaintiff's driver, who drew nearer to McFadden's horse; that when the defendant observed that there was not room for him to pass he attempted to draw his horse back, and finding that he could not control him he called to the plaintiff's driver to give him room; that he could not control his horse; and that notwithstanding these calls the driver kept his position.

Although the defendant had entered into the race without invitation, if he had advanced so far as to secure the middle place, or if he was about to enter upon it, and the plaintiff's driver had notice that he had lost control of his horse, it would have been negligent to have attempted to crowd him out by closing the space, and any one doing so would have done it at his peril.    But neither of these suppositions is supported by the testimony.    The defendant had not advanced to a position between the other drivers, and had not secured any position in the race; and being an interloper, no one was under any obligation to leave a place open for him.    There was no evidence that the defendant's call that his horse was beyond control was heard by the plaintiff's driver.    The driver denied hearing it, and other witnesses who were in a position to hear all that was said did not hear it.    It was made in connection with other calls to which he was not bound to give attention.    We find nothing in the testimony or in the circumstances to warrant a finding by the jury that the call was heard, or that the driver knew that the defendant's horse was beyond control.    Without this knowledge there was no negligence on his part in drawing nearer the pole.

As neither the facts nor the inferences to be drawn from them were involved in any uncertainty, their legal effect was for the court.

The judgment is affirmed.